UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK, an Arkansas state-
chartered bank, successor by merger with
STONEGATE BANK,

      Plaintiff,

v.                                                                        Case No: 8:19-cv-415-T-35SPF

JONATHAN D. GRAHAM, individually,
HORUS CONSTRUCTION SERVICES, INC., a
Florida corporation, and THE NORTHWESTERN
MUTUAL LIFE INSURANCE COMPANY,

      Defendants.
_____/

## ORDER

This matter is before the Court on defendant The Northwestern Mutual Life Insurance Company's ("Northwestern Mutual") Motion to Compel Documents and Overrule Plaintiff's Objections ("Motion") (Doc. 54), and Plaintiff Centennial Bank's ("Centennial") response in opposition (Doc. 59). Northwestern Mutual seeks to compel the production of documents withheld of the basis of Centennial's "overly broad and unduly burdensome" objection to request for production number 1, and certain documents identified in Centennial's privilege log.[1] For the reasons set forth below, the Motion is granted.

## ANALYSIS

Motions to compel discovery under Rule 37(a), Federal Rules Civil Procedure, are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the

---

[1] After the Motion was filed, Centennial amended its privilege log ("Amended Privilege Log") (Doc. 59-1).

principle of proportionality.  Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The proponent of a motion to compel discovery bears the initial burden of showing that the information sought is relevant.  *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).

### *Overly Broad and Unduly Burdensome Objection*

In response to request for production number 1, Centennial "objects to th[e] request to the extent the same is overly broad and unduly burdensome." (Doc. 54-1).  Centennial then states it will produce responsive documents "subject only to the proceeding caveats and objections." (*Id.*).   Northwestern Mutual asserts that Centennial's objection is an impermissible boilerplate objection.  The Court agrees.

Centennial's objection fails to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.  34(b)(2)(B). *see Gibson v. Resort at Paradise Lakes*, LLC, No. 8:16-CV-791-T-36AAS, 2017 WL 735457, at *3 (M.D. Fla. Feb. 24, 2017) (noting that boilerplate objections are improper).  In addition, an answer that is made subject to an objection "preserves nothing and wastes the time and resources of the parties and the court." *Tanner v. Liberty Mut. Fire Ins. Co.*, No. 6:19-cv- 585-Orl-37TBS, 2019 WL 1569565, at *2 (M.D. Fla. Apr. 11, 2019); *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008).  While still common, "such practice leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered or

whether only a portion of the question has been answered." *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008). Pursuant Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of the objection.  An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).  Centennial's objection fails to identify whether responsive materials are being withheld.  Likewise, to the extent Centennial was attempting to object to a portion of the request, the objection fails to state "the scope that is not overboard."  Fed. R. Civ. P. 34 (2015 advisory committee's note). Centennial's objection leaves Northwestern Mutual guessing as to whether any responsive documents were withheld.  As such, the objection is improper and overruled.

   *Amended Privileged Log*

   Northwestern Mutual also moves to compel production of certain documents withheld on the basis of Centennial's claim of confidentiality or proprietary information (Cent. Horus 000311-000521).[2]   Specifically, Centennial asserts that the documents contain sensitive financial records relating to its customers, defendants Graham and Horus Construction Services, Inc., which are protected by the Florida Constitution and Florida Statutes § 655.059. (Doc. 59 at 6).   While the State of Florida provides certain constitutional and statutory protections covering personal financial and banking records, this protection is not absolute. *Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898-CIV, 2012 WL 3260324, at *6 (S.D. Fla. Aug. 8, 2012).  "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery . . . and courts will compel production of personal financial

---

[2] Northwestern Mutual does not challenge the assertion of the Attorney-Client Privilege or the Attorney Work Product Doctrine with respect to the first four documents listed on the Amended Privilege Log (Cent. Horus 000273-000310.).

documents and information if shown to be relevant by the requesting party." *Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003).  Thus, financial records are subject to discovery if "the documents themselves or the status [that] they evidence is somehow at issue in the case." *Ochoa*, 2012 WL 3260324, at *6.  In addition, Section 655.059(2)(b), Florida Statutes, permits disclosure of nonpublic records in accordance with 15 U.S.C. § 6802, which, in turn, permits disclosure "to respond to judicial process." 5 U.S.C. § 6802(e)(8).  Courts have interpreted this exception as providing for disclosure pursuant to civil discovery.  *Ochoa*, No. 2012 WL 3260324, at *6.  Here, the requested documents are at issue in this case, relevant to Centennial' s allegations in paragraphs 11, 19 and 20 of the Amended Complaint (Doc. 25), and proportional to the needs of the case.  As a result, Centennial's claims of confidentiality and proprietary information are overruled.

Accordingly, it is hereby

**ORDERED**:

1. Northwestern Mutual's Motion to Compel Documents and Overrule Plaintiff's Objections (Doc. 54) is **GRANTED**.

2. By no later than **May 29, 2020**, Centennial is directed to produce the documents with bates numbers Cent. Horus 000311-000521, and any responsive documents withheld on the basis of Centennial's "overly broad and unduly burdensome" objection to request for production number 1.

**ORDERED** in Tampa, Florida, this 12th day of May 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE